IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-205-FL

| | | |
|---|---|---|
| SIERA YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NAVY FEDERAL CREDIT UNION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 14). The issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Plaintiff commenced this action November 28, 2022, by filing a motion to proceed in forma pauperis and a proposed complaint asserting claims under the Fair Credit Billing Act, 15 U.S.C. § 1666 et seq. ("FCBA"), and the Federal Reserve Board Regulation Z, 12 C.F.R. § 1026.13, arising out of defendant's issuance of a consumer loan to plaintiff. Plaintiff seeks statutory and actual damages, as well as injunctive relief. The court granted plaintiff's motion to proceed in forma pauperis and allowed the complaint to proceed upon review under 28 U.S.C. § 1915(a)(1).

Defendant filed the instant motion August 21, 2023. The clerk then sent plaintiff a letter notifying her of the requirement to respond to the motion within 21 days, and warning her that the case may be dismissed upon failure to respond. Plaintiff did not file a response.

## STATEMENT OF THE FACTS

The facts alleged in Plaintiff's complaint may be summarized as follows. Defendant issued to plaintiff a "consumer loan #43001529399444 around August 2018." (Compl. (DE 1-1) ¶ 7).[1] In documents attached to the complaint, the instant loan is described as a "personal expense" loan, with a "remaining balance" of $1,716.09 in a statement for the period ending July 17, 2022, and an interest rate of 15.150% (Compl. Ex. A (DE 1-2) at 4; and Ex. E at 1). Plaintiff's monthly payments were $144.64. (E.g., id., Ex. A at 4).

On August 10, 2022, plaintiff sent defendant a "Notice of Fault Affidavit of Truth" (the "Notice") that purported to "disput[e] the amount of $144.64 as documented on the consumer loan statement," and asserted she "has reason to believe . . . that there is someone benefitting from this account that I have not been made aware of." (Id. Ex. A, at 2). The notice further asserted a right to acquire documentary evidence and to withhold disputed amounts in accordance with the FCBA and 12 C.F.R. § 1026.13, as well as a refund of $1,735.68. Plaintiff also stated in the notice "there have been credits issued to my person but have not been properly reflected, issued, or disclosed to me through permissible means." (Id. at 1).

In the complaint, plaintiff claims that Navy Federal violated the FCBA and 12 C.F.R § 1026.13 because it (1) did not acknowledge receipt of the Notice within 30 days of receipt, (2) did not make any corrections to plaintiff's account, (3) did not send plaintiff a written explanation or copies of documentary evidence, and (4) attempted to and did collect the disputed amount. (Compl. ¶¶ 45, 51).

---

[1] The court references the complaint filed with plaintiff's motion to proceed in forma pauperis (DE 1), because the complaint later filed by the clerk (DE 5) inadvertently omits three initial pages from plaintiff's exhibits.

**COURT'S DISCUSSION**

A.	Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).[2] "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.	Analysis

Defendant argues that plaintiff fails to state a claim because neither the FCBA nor 12 C.F.R. § 1026.13d apply to the type of consumer loan alleged in the complaint. The court agrees.

The FCBA's billing error section applies, by its terms solely to "creditors offering open-end credit plans." 15 U.S.C. § 1602(g); see 15 U.S.C. § 1666(b). Similarly, 12 C.F.R. § 1026.13, addressing a procedure for disputing debts, applies only to "Open-End Credit." See 12 C.F.R., Subpart B ("Open-End Credit") (comprising 12 C.F.R. §§ 1026.5-1026.16).

The term "open-end credit plan" means only "a plan under which the creditor reasonably contemplates repeated transactions, which prescribes the terms of such transactions, and which provides for a finance charge which may be computed from time to time on the outstanding unpaid balance," in the nature of a credit card debt. 15 U.S.C. § 1602(l) (emphasis added). Credit that is

---

[2]	Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

3

Case 7:22-cv-00205-FL   Document 17   Filed 10/05/23   Page 3 of 4

not characterized as open-end is considered "closed-end credit," such as a mortgage loan, personal loan, or auto loan. 12 C.F.R. § 226.2(a)(10).

In this case, where plaintiff does not allege an open-end credit plan, but rather describes a closed-end consumer loan, plaintiff's claims under the FCBA for billing errors, as well as under 12 C.F.R. § 1026.13 for disputing debts, fail as a matter of law and must be dismissed.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss (DE 14) is GRANTED and this action is DISMISSED for failure to state a claim upon which relief may be granted. The clerk is DIRECTED to close this case.

SO ORDERED, this the 4th day of October, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge